# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Amie Steen Sanders, | ) |
| | ) |
| Plaintiff, | ) C/A No. 0:20-cv-00140-MBS |
| | ) |
| v. | ) |
| | ) **ORDER** |
| Andrew Saul, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

On January 14, 2020, Plaintiff Amie Steen Sanders ("Plaintiff") filed the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of Defendant Commissioner of Social Security (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB").[1]

Plaintiff filed her DIB application on November 2, 2016, alleging disability beginning September 23, 2014, as a result of breast cancer and associated complications. Plaintiff's application was denied initially and again upon reconsideration. An Administrative Law Judge ("ALJ") presided over a hearing held on July 16, 2018 and issued an unfavorable decision on November 8, 2018. He determined that Plaintiff has severe impairments of status post-metastatic breast cancer with dual mastectomy, pulmonary embolism with IVC placement, neuropathy, depressive disorder, and anxiety. Tr. 63. However, he found that while these impairments "could reasonably be expected to cause the alleged symptoms[,] . . . [Plaintiff's] statements concerning the intensity,

---

[1] Plaintiff also applied for Supplemental Security Income but the denial of that application is not before the court. *See* ECF No. 1.

persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." ECF No. 8-2 at 69. Thus, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied. Plaintiff thereafter appealed the decision to this court.

On September 28, 2020, Plaintiff filed her brief challenging the ALJ's decision on the basis that the ALJ failed to fully consider her testimony, failed to properly assess her residual functional capacity ("RFC"), and failed to procure testimony from a medical expert. ECF No. 14. The Commissioner filed his response to Plaintiff's brief on October 28, 2020, ECF No. 16, and Plaintiff filed a reply on November 30, 2020, ECF No. 20.[2]

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation ("Report"). On January 14, 2021, the Magistrate Judge filed her Report recommending that the court affirm the Commissioner's decision to deny benefits. ECF No. 23. The Magistrate Judge found with respect to Plaintiff's subjective complaints that the ALJ sufficiently considered and discussed the objective medical evidence as well as Plaintiff's complaints made to her medical providers and the "treatment methods and steps taken by Plaintiff as directed by her medical sources." *Id.* at 12. With respect to the RFC assessment, the Magistrate Judge found that Plaintiff failed to show that additional limitations were appropriate, *id.* at 14; and concerning a medical expert, the Magistrate Judge noted that procuring such testimony is within the

---

[2] Plaintiff's reply restates almost verbatim her initial contentions without responding with particularity to the Commissioner's arguments.

ALJ's discretion and found that Plaintiff failed to demonstrate that the ALJ erred by not obtaining such testimony, *id.* at 15.  Plaintiff filed objections to the Report on February 12, 2021, ECF No. 27, to which the Commissioner responded on February 24, 2021, ECF No. 28.

This matter is now before the court for review of the Magistrate Judge's Report.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

As an initial matter, Plaintiff's objection is nearly identical in substance and in form to her opening brief and reply brief.  Accordingly, because Plaintiff merely reasserts in her objection the arguments raised initially before the Magistrate Judge, the court treats the objections as general and conclusory and reviews the Report only for clear error.  The court finds nonetheless that remand is appropriate, as explained below.

3

The court must uphold the Commissioner's decision so long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). However, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).[3] The court begins by noting that Plaintiff alleges disability beginning September 23, 2014, due to stage three invasive ductal carcinomas with positive lymph nodes. ECF No. 8-5 at 10. The ALJ found that she meets the insured status requirements of the Act through December 31, 2014. However, Plaintiff was not diagnosed with breast cancer until September 2015, approximately nine months after her date last insured. To demonstrate DIB eligibility, she must prove she was disabled prior to her date last insured. *Bird v. Commissioner of Social Security Administration*, 699 F.3d 337, 340 (4th Cir. 2012) (citing 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. §§ 404.101(a), 404.131(a)).

Plaintiff argues that the ALJ failed to properly assess the RFC and contends in relevant part that the RFC fails to reflect the ALJ's finding that she is moderately impaired in social functioning. *See, e.g.,* ECF No. 27 at 6. Indeed, the ALJ noted that

---

[3] The Commissioner has developed the following five-step evaluation process for determining whether a claimant is disabled under the Act: (1) whether the claimant engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment; (3) whether the impairment meets or equals the severity of an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from participating in substantial gainful employment. 20 C.F.R. § 416.920(a)(4)(i)-(v). Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). At step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. *Id.* If at any step of the evaluation the ALJ finds that the individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. § 404.1520; *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

Plaintiff alleges she has problems getting along with others, ECF No. 8-2 at 68, and he found that she is moderately impaired with respect to interacting with others, *id.* at 66, but he failed to include an associated limitation in the RFC and he did not discuss why a limitation is not warranted.  *See* ECF No. 8-2 at 75 (general discussion regarding mental conditions).  There is no categorical rule in the Fourth Circuit requiring the ALJ to include in the RFC a limitation that captures a moderate impairment identified at step three of the sequential analysis; however, where any such impairment does not "translate" to the RFC, the ALJ must explain why.  *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).  It may be here that the limitation regarding social interaction dates to a period of time subsequent to Plaintiff's date last insured.  However, the court cannot engage in speculation and the ALJ must address the omission on remand, or include the appropriate limitation.

The court also notes that following the parties' briefing of the issues presented here and after the Magistrate Judge filed her Report, the Fourth Circuit issued *Dowling v. Commissioner of Social Security Administration*, which provides further guidance on how an ALJ should apply the regulatory framework in assessing a claimant's RFC.  986 F.3d 377, 387 (4th Cir 2021) (reversing decision affirming finding of no disability on the basis that ALJ failed to cite both 20 C.F.R. § 416.945 (the corollary to § 404.1545) and SSR 96-8p and based RFC assessment exclusively on SSRs 96-7p and 16-3p rather than on a "function-by-function analysis of how Appellant's impairments impacted her ability to work").  On remand, the court encourages the ALJ to reference *Dowling* as he addresses what limitations should be included in the RFC.

For these reasons, the court declines to adopt the Report, ECF No. 23. The Commissioner's final decision of no disability is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for further consideration.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

July 22, 2021
Columbia, South Carolina